IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALEB REESE** *et al.*, | ) |
| | ) Civil Action No. 6:20-cv-01438 |
|     **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| **BUREAU OF ALCOHOL, TOBACCO,** | ) |
| **FIREARMS AND EXPLOSIVES** *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 56.1, Defendants submit this statement of undisputed material facts in support of their motion to dismiss or for summary judgment, filed concurrently.

1. Congress passed the Omnibus Crime Control and Safe Streets Act of 1968 following a multi-year inquiry into violent crime that included field investigation and public hearings.

2. During the hearings preceding passage of the Omnibus Crime Control and Safe Streets Act ("the hearings"), many witnesses presented testimony regarding the problem of individuals evading state requirements for firearms purchases—including underage individuals evading state minimum-age requirements – by traveling across state lines, and then using their firearms in criminal activities.

3. As a result of the hearings, Congress found that there is a widespread traffic in firearms moving in or otherwise affecting interstate or foreign commerce, and that the existing Federal controls over such traffic do not adequately enable the States to control this traffic within their own borders through the exercise of their police power.

1

4. As a result of the hearings, Congress determined that

> the ease with which any person can acquire firearms other than a rifle or shotgun (including criminals, juveniles without the knowledge or consent of their parents or guardians, narcotics addicts, mental defectives, armed groups who would supplant the functions of duly constituted public authorities, and others whose possession of such weapons is similarly contrary to the public interest) is a significant factor in the prevalence of lawlessness and violent crime in the United States.

5. The Senate Report accompanying the Omnibus Crime Control and Safe Streets Act of 1968 includes the following passage:

> [T]he title would provide a uniform and effective means through the United States for preventing the acquisition of the specified firearms by persons under such ages. However, under the title, a minor or juvenile would not be restricted from owning, or learning the proper usage of the firearm, since any firearm which his parent or guardian desired him to have could be obtained for the minor or juvenile by the parent or guardian.
>     The clandestine acquisition of firearms by juveniles and minors is a most serious problem facing law enforcement and the citizens of this country. The controls proposed in the title are designed to meet this problem and to substantially curtail it.

6. The multi-year investigation by Congress preceding passage of the Omnibus Crime Control and Safe Streets Act of 1968 confirmed a causal relationship between the easy availability of firearms other than a rifle or a shotgun and youthful criminal behavior.

7. The hearings found that concealable firearms had been widely sold by federally licensed importers and dealers to emotionally immature or thrill-bent juveniles and minors prone to criminal behavior.

8. During the hearings, Congress concluded that only through adequate Federal control over interstate and foreign commerce in concealable firearms, and over all persons engaging in the business of importing, manufacturing, or dealing in them, could the problem of concealable firearms being widely sold by federally licensed importers and dealers to emotionally immature

or thrill-bent juveniles and minors prone to criminal behavior be properly dealt with, and effective state and local regulation of this traffic be made possible.

9. The legislative record of the Omnibus Crime Control and Safe Streets Act of 1968 makes clear that Congress's purpose in preventing persons under twenty-one—including eighteen-to-twenty-year-olds—from purchasing handguns from federally-licensed dealers was to curb violent crime.

10. Plaintiff Caleb Reese has not joined the U.S. National Guard or Naval Militia, and is not a member of a national or state militia.

11. Plaintiff Joseph Granich has not joined the U.S. National Guard or Naval Militia, and is not a member of a national or state militia.

Dated:  April 15, 2021                                  Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director


  /s/ Daniel Riess
DANIEL RIESS (Texas Bar No. 24037359)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C.  20005
Tel: (202) 353-3098
Fax: (202) 616-8460
Daniel.Riess@usdoj.gov
*Attorneys for Defendants*