IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CALEB REESE *et al.*, | : |
| Plaintiffs, | : : : |
| v. | : Civil Action No. 6:20-cv-01438 |
| THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES *et al.*, | : : : |
| Defendants. | : : : |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs file this notice of supplemental authority to advise the Court of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, attached hereto.

In *Bruen*, the Supreme Court invalidated a New York statute restricting public carriage of firearms. 597 U.S. ___ (2022), slip op. at 1–2; 30. *Bruen* rejected "the two step test that Courts of Appeals have developed to assess Second Amendment claims," holding its precedent did "not support applying means-end scrutiny in the Second Amendment context." *Id.* at 9–10. Instead, when a law restricting Second Amendment activity is challenged, the burden falls squarely on the government to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 10.

In so holding, the Supreme Court abrogated the Fifth Circuit's decision in *NRA v. BATFE*, 700 F.3d 185, 204, 211 (5th Cir. 2012), which assumed but did not decide the historical question and instead upheld the law challenged here using the interesting balancing approach that the Supreme Court has now definitively rejected. As a result, Plaintiffs' facial challenge is no longer controlled by *NRA* and the Court can and should grant summary judgment in favor of Plaintiffs.

The standard *Bruen* establishes for Second Amendment challenges is precisely the standard for which Plaintiffs argued in their briefing on their motion for summary judgment. *Bruen*, slip op. at 15 ("When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."); Br. at 8–13 (Doc. 42). As Plaintiffs have argued, text, history and tradition all point uniformly in this case toward 18-to-20-year-olds having equal rights to other adults with respect to firearms, including the right to purchase them, and the Government has not pointed to any sufficiently rooted analogous historical restrictions that would take this case outside the scope of the Second Amendment's protections. Br. at 13–18.

Dated: July 5, 2022

/s/ George J. Armbruster III
George J. Armbruster III
Armbruster & Associates, APLC
332 E. Farrel Road, Suite D
Lafayette, LA 70508
Phone: 337-889-5511
Fax: 337-889-5512
Email: george@arm-assoc.com

Local Counsel

Respectfully submitted,

/s/ David H. Thompson
David H. Thompson*
Peter A. Patterson*
William V. Bergstrom*
COOPER & KIRK, PLLC
1523 New Hampshire Ave., NW
Washington, DC 20036
Telephone: (202) 220-9600
Email: dthompson@cooperkirk.com

Raymond M. DiGuiseppe* - T.A.
THE DIGUISEPPE LAW FIRM, P.C.
4320 Southport-Supply Road, Suite 300
Southport, NC 28461
Phone:910-713-8804
Fax: 910-672-7705
Email: law.rmd@gmail.com

Adam Kraut*
FIREARMS POLICY COALITION
1215 K Street, 17th Floor
Sacramento, CA 95814
Phone: (916) 476-2342

Email: akraut@fpclaw.org

Joseph Greenlee*
FIREARMS POLICY COALITION
1215 K Street, 17th Floor
Sacramento, CA 95814
Phone: (916) 438-9237
Email: jgr@fpclaw.org

John W. Dillon*
DILLON LAW GROUP APC
2647 Gateway Road
Carlsbad, CA 92009
Phone: (760) 642-7150
Fax: (760) 642-7151
Email: jdillon@dillonlawgp.com

  *Admitted *Pro Hac Vice*
*Attorneys for Plaintiffs*