IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CALEB REESE *et al.*,** | ) |
| | ) Civil Action No. 6:20-cv-01438 |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| **BUREAU OF ALCOHOL, TOBACCO,** | ) |
| **FIREARMS AND EXPLOSIVES *et al.*,** | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs have filed a Notice of Supplemental Authority regarding the Supreme Court's recent opinion in *New York State Rifle & Pistol Association v. Bruen*. ECF No. 62 (Notice). Before *Bruen*, the Fifth Circuit and other courts of appeals assessed Second Amendment challenges under a two-step framework, examining first whether a challenged law or regulation burdens protected conduct and, if so, applying means-end scrutiny. *See* Mem. Supp. Defs.' Mot. to Dismiss or for Summ. J. at 9, ECF No. 33-1. In *Bruen*, the Supreme Court "decline[d] to adopt" the second step of that framework. 2022 WL 2251305, at *8. The Court explained, however, that "[s]tep one of the predominant framework is broadly consistent with [*District of Columbia v.*] *Heller*, [554 U.S. 570 (2008)]." *Id.* at *9.

*Bruen* supports the rejection of Plaintiffs' Second Amendment challenge. The Supreme Court repeatedly has recognized, as Justice Kavanaugh's concurrence emphasizes, that "the Second Amendment allows a 'variety' of gun regulations," including "'laws imposing conditions and qualifications on the commercial sale of arms.'" *Id.* at *39 (Kavanaugh, J., joined by Roberts, C.J., concurring) (quoting *Heller*, 554 U.S. at 626-27, 636). The Court also emphasized that courts

1

should "reason[] by analogy" when determining whether historical regulations are appropriate analogues for modern laws addressing "societal concerns" that were "unprecedented" at the founding; the government need only identify a "historical *analogue*, not a historical *twin*." *Id*. at *12-13.

The Fifth Circuit in *National Rifle Association (NRA) v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 700 F.3d 185 (5th Cir. 2012), held that because the laws challenged here by Plaintiffs "impose an age qualification on commercial firearm sales: [licensed dealers] may not sell handguns to persons under the age of 21," these laws "resemble 'laws imposing conditions and qualifications on the commercial sale of arms' which *Heller* deemed 'presumptively lawful.'" *Id*. at 206 (quoting *Heller*, 554 U.S. at 626-27 & n.26). The Fifth Circuit also stated that it was "inclined to uphold the challenged federal laws at step one of our analytical framework," refraining only "in an abundance of caution." *Id*. at 204. As the basis for its conclusion that the challenged laws passed muster at the first step of this framework, the Fifth Circuit "summarized considerable evidence that burdening the conduct at issue—the ability of 18-to-20-year-olds to purchase handguns from [licensed dealers]—is consistent with a longstanding, historical tradition, which suggests that the conduct at issue falls outside the Second Amendment's protection." *Id*. at 203; *see id*. at 199-204 (discussing this historical evidence). "At a high level of generality," the court explained, the challenged laws are "consistent with a longstanding tradition of targeting select groups' ability to access and to use arms for the sake of public safety" and "[m]ore specifically," these laws "appear[] consistent with a longstanding tradition of age- and safety-based restrictions on the ability to access arms." *Id*. at 203 (internal citation omitted). The Fifth Circuit thus concluded "that there is considerable historical evidence of age- and safety-based restrictions on the ability to access arms" and that "[m]odern restrictions on the ability of persons under 21 to

purchase handguns—and the ability of persons under 18 to possess handguns—seem, to us, to be firmly historically rooted." *Id*. at 204; *see also United States v. Rene E.*, 583 F.3d 8, 11-16 (1st Cir. 2009) (rejecting Second Amendment challenge to similar statute based on historical analysis rather than means-end scrutiny).

Because of the Fifth Circuit's conclusions and the relevant historical analogues discussed in *NRA*, the Court should enter summary judgment for Defendants. Furthermore, to the extent that the Court believes that a fuller discussion of these issues is warranted in conjunction with the parties' pending merits briefs, Defendants respectfully submit that supplemental briefing would be an appropriate vehicle for such discussion.

Dated: July 8, 2022                                            Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

   /s/ *Daniel Riess*
DANIEL RIESS (Texas Bar No. 24037359)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 353-3098
Fax: (202) 616-8460
Daniel.Riess@usdoj.gov
*Attorneys for Defendants*